# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

DANIEL W. MARTIN,                      )
                                       )
      Plaintiff,                     )
                                       )
      v.                             )      No. 22-05007-CV-SW-DPR
                                       )
ROGER L. GALLA, et al.,                )
                                       )
      Defendants.                    )

## ORDER

Before the Court are two Motions to Strike filed by Plaintiff.  (Docs. 232, 234.)  Upon review, the Motions to Strike will be granted.

In the first Motion to Strike (doc. 232), Plaintiff moves for an order striking from the record Defendants' Joint Motion to Exclude or Limit Certain Testimony of Plaintiff's Expert Witness, Steve Akeson, Psy. D. (doc. 208) and Memorandum in Support (doc. 209).  As grounds, Plaintiff states that "said documents were not timely filed pursuant to the Court's Scheduling Order." According to Plaintiff, "the deadline for filing Daubert Motions was May 1, 2023," and the Akeson Motion to Exclude and Memorandum in Support were filed on May 31, 2023, or "30 days after the Daubert Motion deadline had expired."

In the second Motion to Strike (doc. 234), Plaintiff moves for an order striking from the record the Combined Motion to Exclude or Limit Certain Testimony of Plaintiff's Expert Witness, Tanya Owen (doc. 228) and Memorandum in Support (doc. 231) filed by Defendants.  As grounds, Plaintiff again states that "said documents were not timely filed pursuant to the Court's Scheduling Order," asserting "the deadline for filing Daubert Motions was May 1, 2023," and the Owen Motion to Exclude and Memorandum in Support were filed on June 30, 2023, or "60 days after the Daubert Motion deadline had expired."

In response, Defendants Roger L. Galla ("Galla") and Loggins Logistics, Inc. ("Loggins") filed Combined Suggestions in Opposition. (Doc. 245.) Galla and Loggins argue that their Daubert Motions were not untimely, because the December 7, 2022 (Amended Scheduling and Trial) Order did not include any deadline for the filing of Daubert Motions. Plaintiff filed a reply brief (doc. 248), stating that although the December 7, 2022 (Amended Scheduling and Trial) Order failed to include a deadline for Daubert Motions, the parties agreed to a May 1, 2023 deadline for Daubert Motions.

On July 11, 2023, the Court conducted a telephone conference with counsel to discuss the pending Motions to Strike and the issue of the Daubert Motions deadline. (Doc. 249.)

## I. Findings

On April 11, 2022, the Court issued the original Scheduling and Trial Order, setting a November 10, 2022 deadline for motions challenging testimony by an expert witness pursuant to Federal Rule of Evidence 702, also known as Daubert Motions. (Doc. 24.) On November 30, 2022, Ted Perryman, counsel for Galla and Loggins, filed a Joint Motion to Amend Case Management Order and Continue Trial Date on behalf of all parties. (Doc. 115.) In the Joint Motion to Amend, the parties stated they "require additional time to complete discovery, and have conferred and prepared a proposed amended scheduling order, attached hereto as Exhibit A." *Id.* at 2. The parties asked the Court to "vacate the trial date and CMO and enter an Amended CMO pursuant to the parties' proposed amended scheduling order." *Id.*

A proposed "First Amended Scheduling and Trial Order" (doc. 115-1) was attached to the Joint Motion to Amend. This proposed "First Amended Scheduling and Trial Order" had also been previously submitted to the Court by Mr. Perryman via email on November 22, 2022 and again by Andrew Laquet, co-counsel for Galla and Loggins, via email on November 23, 2022.

2

The parties' proposed "First Amended Scheduling and Trial Order" contained multiple deadlines, including a deadline of May 1, 2023 for Daubert Motions. *Id.* at ¶ 9(a). As stated by Mr. Perryman in the November 22, 2022 email and reiterated by Mr. Laquet in the November 23, 2022 email, "(c)ounsel for all parties have conferred and have agreed to the attached Scheduling Order and deadlines."

On December 7, 2022, the Court entered an Order granting the parties' Joint Motion to Amend. (Doc. 123.) The Court's (Amended Scheduling and Trial) Order included several new deadlines and dates as requested by the parties, including deadlines of November 30, 2022 for Plaintiff's expert disclosures and March 1, 2023 for Defendants' expert disclosures. However, due to an oversight, the Court failed to include the May 1, 2023 deadline for Daubert Motions as set forth in the parties' proposed "First Amended Scheduling and Trial Order." The (Amended Scheduling and Trial) Order further stated that "all other remaining dates and deadlines in the [original] Scheduling and Trial Order remain unchanged."

Thereafter, on May 1, 2023, Plaintiff filed his first and only Daubert Motion, titled "Motion to Exclude the Testimony of Kip Magruder." (Doc. 185.) Three days later, on May 4, 2023, Galla and Loggins moved for and were granted an extension of time to May 30, 2023, to file a response to the Magruder Motion to Exclude as unopposed. (Docs. 188, 189.) On May 30, 2023, Galla and Loggins filed their Combined Suggestions in Opposition to the Magruder Motion to Exclude. (Doc. 206.)

Then, on May 31, 2023, all Defendants filed the Akeson Motion to Exclude and Memorandum in Support. And on June 30, 2023, Galla and Loggins filed the Owen Motion to Exclude and Memorandum in Support.[1] Lastly, on July 5, 2023, Galla and Loggins filed a

---

[1] On July 5, 2023, Defendants Schneider National Carriers, Inc. and Eduardo Nemecio filed a Response to the Owen Motion to Exclude, stating "they join in the same." (Doc. 235.)

Combined Motion for Leave to Exceed Page Length Limitation as to their Motion to Exclude or Limit Certain Testimony of Plaintiff's Expert Witness Brian Pfeifer. (Doc. 237.)

## II.    Conclusions

Upon review, the Court concludes that the Motions to Strike should be granted. "Adherence to [scheduling] order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (citing Fed. R. Civ. P. 1). Accordingly, the Federal Rules of Civil Procedure "give wide authority and discretion to the district court to manage its caseload." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good-cause standard is not optional." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "To establish good cause, a party must show its diligence in attempting to meet the [scheduling] order." *Marmo* 457 F.3d at 759.

Although the December 7, 2022 (Amended Scheduling and Trial) Order did not include a deadline for Daubert Motions, the parties agreed to a deadline of May 1, 2023, and the Court concludes that this agreement should be enforced.

Galla and Loggins assert that because the December 7, 2022 (Amended Scheduling and Trial) Order did not include a Daubert Motion deadline, the Akeson Motion to Exclude and the Owen Motion to Exclude are not untimely. At the July 11 telephone conference, Mr. Laquet added that when Galla and Loggins received the December 7, 2022 (Amended Scheduling and Trial) Order, counsel calendared only the dates set forth in the order. However, Plaintiff received the same amended scheduling order, yet filed his Magruder Motion to Exclude by the parties' agreed Daubert Motion deadline of May 1, 2023.

4

Further, even if the Court was to accept this excuse, it does not explain why Defendants waited 30 days to file the Akeson Motion to Exclude on May 31, 2023. Nor does it explain why Defendants waited 60 days to file their second Daubert Motion, the Owen Motion to Exclude, on June 30, 2023. And then, on July 5, 2023, 65 days after the parties' agreed deadline, Defendants sought leave to exceed the page limit for a third Daubert Motion, the Pfeifer Motion to Exclude.

It is inconceivable to the Court that on May 1, 2023, when Defendants were served with the Magruder Motion to Exclude, they decided to proceed as if there was no deadline for Daubert Motions despite the parties' agreement. Clearly, the omission of a Daubert Motion deadline in the December 7, 2022 (Amended Scheduling and Trial) Order was a mistake, as by the Order's own language this would mean that the Daubert Motion deadline remained unchanged from November 10, 2022, a date that had already passed and was several months before Defendants' expert disclosures were even due. Also, Defendants promptly moved for and were granted an extension of time to respond to the Magruder Motion to Exclude but sought no clarification or extension of time from the Court as to the deadline for their Daubert Motions. Under these circumstances, the Court cannot find that Defendants acted diligently in filing the Akeson Motion to Exclude 30 days after the parties' agreed deadline without leave and the Owen Motion to Exclude 60 days after the parties' agreed deadline without leave.

Defendants cite to three cases wherein district courts did not strike Daubert Motions in the absence of a deadline in the scheduling order. The Court disagrees, however, that these cases describe similar situations. In *United Prop. & Cas. Ins. v. Couture*, No. 2:19-CV-01856-DCN, 2022 WL 16798204 (D.S.C. Nov. 8, 2022), the district court specifically stated "(h)ad the parties explicitly specified that the deadline for *Daubert* motions was the same as the deadline for dispositive motions, the court would have ample reason to deny the motions." *Id*. at *2. Here, the

parties explicitly specified in their Joint Motion to Amend their agreed intent that the deadline for Daubert Motions should be amended to May 1, 2023.

In *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2020 WL 1325068 at 1 (N.D. Cal. Mar. 20, 2020), the district court's standing order was "ambiguous" and failed to include an explicit deadline for Daubert Motions. *Id*. at *1. In the present matter, there was no ambiguous standing order. Although the order specific to this case included an obviously erroneous omission, the parties clearly and unambiguously agreed to an explicit deadline of May 1, 2023.

And, in *Hedquist v. Patterson*, No. 14-CV-0045-J, 2016 WL 7971383 at 3 (D. Wyo. Dec. 21, 2016), the district court extended the dispositive motion deadline one week, from August 15, 2016 to August 22, 2016. However, the court failed to explicitly extend the deadline for Daubert motions along with the deadline for dispositive motions, despite this being its normal practice and having done so in three prior orders. The movant then sought to strike a Daubert motion filed on August 22, 2016, a mere one week later and by the deadline which the court would have set, arguing the deadline remained August 15, 2016 and the motion was untimely. *Id*. at *3. Unlike the movant in *Hedquist*, in the present matter Plaintiff is not the party seeking to take advantage of the omission of a Daubert Motion deadline in the December 7, 2022 (Amended Scheduling and Trial) Order. Rather, Plaintiff abided by and is moving to enforce the parties' agreed deadline. Under the present circumstances, it appears that Defendants "cavalierly disregarded" the obviously erroneous omission of a Daubert Motion deadline by filing Daubert Motions 30, 60, and 65 days after the parties' agreed deadline without seeking clarification or leave to do so. *Id*.

Defendants further argue that there is no prejudice caused by the late filing of their Daubert Motions. This argument ignores the purpose of a civil scheduling order and deadlines and seems

to presume that Plaintiff's attorneys practice in a vacuum with no other responsibilities or cases. The parties agreed to a May 1, 2023 deadline which would allow for the briefing and resolution of Daubert Motions in the time period immediately following this deadline. When the agreed May 1, 2023 deadline passed, Plaintiff's counsel was reasonable in assuming there were no forthcoming Daubert Motions from Defendants. Plaintiff's counsel was also justified in not reserving time in June, July, and August for the briefing of untimely Daubert Motions. Therein lies the prejudice, as Plaintiff's counsel should not be forced to choose between these unexpected matters and other matters that may be equally as urgent and important.

Based on the foregoing, the Court concludes that the deadline for the filing of Daubert Motions was May 1, 2023, per the parties' clear and unambiguous agreement. Thus, Defendants' Akeson Motion to Exclude was filed 30-days out-of-time and without leave to do so on May 31, 2023. And Defendants' Owen Motion to Exclude was filed 60-days out-of-time and without leave to do so on June 30, 2023. Further, on May 1, 2023 at the latest, Defendants were put on notice that the December 7, 2022 (Amended Scheduling and Trial) Order failed to include the parties' agreed Daubert Motion deadline. And Defendants have failed to show that they acted diligently thereafter in filing their very untimely Daubert Motions. Rather, it appears to the Court that Defendants "cavalierly disregarded" the clearly erroneous omission of a Daubert Motion deadline in the amended scheduling order.

It is therefore **ORDERED** that Plaintiff's Motions to Strike (docs. 232, 234) are **GRANTED**.

Defendants' Joint Motion to Exclude or Limit Certain Testimony of Plaintiff's Expert Witness, Steve Akeson, Psy. D. (doc. 208) and Memorandum in Support (doc. 209) are stricken from the record as untimely.

Further, Defendants' Combined Motion to Exclude or Limit Certain Testimony of Plaintiff's Expert Witness, Tanya Owen (doc. 228) and Memorandum in Support (doc. 231) are stricken from the record as untimely.

Lastly, in light of the foregoing, the Combined Motion for Leave to Exceed Page Length Limitation (doc. 237) is **DENIED**, as the underlying "Motion to Exclude or Limit Certain Testimony of Plaintiff's Expert Witness Brian Pfeifer" would be untimely.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: August 9, 2023

8