# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| DANIEL W. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 22-05007-CV-SW-DPR |
| ROGER L. GALLA, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Exclude Dr. Russell Kennedy and Memorandum in Support filed by Defendants Roger L. Galla and Loggins Logistics, Inc. (Docs. 229, 230.) Defendants move for an order to exclude the testimony of Plaintiff's primary treating physician, Dr. Russell Kennedy, as well as Plaintiff's other treating physicians and medical professionals, regarding causation, prognosis, and future long-term disabilities. Plaintiff filed Suggestions in Opposition and Defendants filed a Reply Memorandum in Support. (Docs. 259, 269.) Upon review, the relief requested by Defendants in the Motion to Exclude will be **DENIED**.

Defendants argue that Dr. Kennedy's testimony should be excluded because his disclosure as an expert was untimely and lacks proper form under Fed. R. Civ. P. 26(a)(2). Based on these alleged failures, Defendants seek the exclusion of any testimony from Dr. Kennedy regarding causation, prognosis, and future disabilities as a sanction pursuant to Fed. R. Civ. P. 37.

### I. Timeliness

Per Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, 705." Rule 26(a)(2)(D) states these disclosures must be made "at the times and in the sequence that the court orders." Failure to disclose in a timely manner is equivalent to failure to disclose. *Vandenberg v.*

*Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018). A district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the court's pretrial orders. *Brooks v. Union Pacific R. Co.*, 620 F.3d 896, 899 (8th Cir. 2010).

Upon review, the Court finds that Plaintiff failed to disclose Dr. Kennedy in a timely manner. In the original Scheduling and Trial Order, the Court set a deadline of August 10, 2022 for Plaintiff to designate any expert he intended to call at trial and disclose expert testimony in compliance with Fed. R. Civ. P. 26(a)(2)(A). (Doc. 24.) On December 7, 2022, on the parties' joint motion, the Court entered an Order amending the original Scheduling and Trial Order, including an extension of the deadline for Plaintiff's expert disclosures to November 30, 2022. (Doc. 123.) Then, on December 15, 2022, Plaintiff served his Seventh Supplemental Answers to Defendant Loggins Logistics, Inc.'s First Interrogatories, wherein he for the first time specifically identified Dr. Kennedy as a non-retained expert witness whom he expected to call at trial to provide expert witness opinion testimony. (Doc. 230-9 at 3.) Notably, as early as April 25, 2022, Plaintiff identified Dr. Kennedy as his primary/general care physician for the past ten years in his initial Answers to Defendant Loggins Logistics, Inc.'s First Interrogatories. (Doc. 230-2 at 5.) Yet despite this, Plaintiff did not specifically include Dr. Kennedy in any lists of witnesses, including physicians, who would provide expert testimony until December 15, 2022, after the amended deadline to do so had passed.

Plaintiff argues that he identified Dr. Kennedy as his primary care physician and provided his records and bills, that Dr. Kennedy was properly disclosed based on his general disclosure of "(a)ll treating providers" as non-retained experts, that Defendants themselves generally disclosed Plaintiff's treating providers as non-retained experts, and that he incorporated Defendants' disclosures into his own disclosures. However, Plaintiff offers no valid reason for his failure to

2

specifically identify Dr. Kennedy as an expert witness whom he expected to call at trial to provide opinion testimony until after the deadline to do so had passed. *See Vandenberg*, 906 F.3d at 703 (holding that disclosure of a doctor as a treating physician and potential fact witness along with production of hundreds of pages of medical records including a letter by the doctor did not satisfy the expert disclosure requirements of Rule 26(a)(2)); *Brooks*, 620 F.3d at 898-99 (holding the disclosing the name, address, and phone number of treating physicians, listing them as witnesses and providing copies of medical records failed to meet the expert disclosure requirements of Rule 26(a)(2)).

Based on the foregoing, the Court concludes that Plaintiff's December 15, 2022 disclosure on Dr. Kennedy as a non-retained expert witness, 15 days after the deadline to do so, was untimely.

## II.     Form

Defendants further assert that even if Plaintiff's disclosure of Dr. Kennedy was timely, the disclosure failed to meet the requirements of Rule 26(a)(2)(C). Thus, according to Defendants, Dr. Kennedy's opinions regarding causation, prognosis, and long-term disabilities that exceed the scope of his observation and treatment of Plaintiff should be excluded.

For non-retained experts such as treating physicians, Rule 26(a)(2)(C) requires litigants to disclose the subject matter and a summary of the facts and opinions to which the expert is expected to testify. *Vandenberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 699 (8th Cir. 2018). This summary disclosure of the opinions to be offered is "considerably less extensive" than that required by Rule 26(a)(2)(B), which applies to experts "retained or specially employed to provide expert testimony in the case." *Johnson v. Friesen*, 2023 WL 5317123 at *3 (8th Cir. Aug. 18, 2023). However, a treating physician who is offered to provide expert testimony as to causation, but who did not make that determination in the course of providing treatment, should be deemed

3

to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2)(B)). *Id*. at 6.

In this matter, Plaintiff's December 15, 2022 disclosure identifying Dr. Kennedy as a non-retained expert witness states that "Dr. Kennedy is a treating physician and has knowledge of Plaintiff's medical condition, disabilities, and needs." A few weeks earlier, Plaintiff provided a letter dated November 23, 2022 from Dr. Kennedy, stating that Plaintiff "suffered a severe traumatic brain injury in a motor vehicle accident," since which time he has suffered from various life-altering and progressive symptoms, and that he is unemployable and may require future assistance with finances and decisions. (Doc. 230-6.) In addition, Plaintiff disclosed a Medical Certificate prepared by Dr. Kennedy dated December 12, 2022, stating that in February 2021, Plaintiff "suffered a TBI that has forever changed him … struggles maintaining focus, has persisting sleep disruption, constant headaches, and agitation/irritability." Dr. Kennedy opined that although Plaintiff's symptoms are permanent, he does not require nursing assistance or assistance managing finances at present but may in the future. (Doc. 230-8.) Lastly, Plaintiff disclosed 100+ pages of Dr. Kennedy's medical treatment records. (Doc. 230 at 5.)

Defendants argue these documents do not provide the subject matter and a summary of the facts and opinions to which the expert is expected to testify. Plaintiff disagrees, adding again that Defendants themselves provided a summary pursuant to Rule 26(a)(2)(C) of the facts and opinions to which they expected Dr. Kennedy to testify.

First, as for the issue of causation, in his November 23, 2022 letter, Dr. Kennedy states that Plaintiff "suffered a severe traumatic brain injury in a motor vehicle accident." (Doc. 230-6.) The letter goes on to indicate that Dr. Kennedy formed this opinion based on a review of Plaintiff's "medical records, his life care plan, as well as the records from Dr. Akeson." *Id*. Therefore, Dr.

Kennedy himself indicates that his testimony and opinions regarding causation go beyond his own observation and treatment of Plaintiff, which means that he should be deemed to be one "retained or specially employed to provide expert testimony in the case." Accordingly, his disclosure clearly fails to meet the more stringent requirements of Rule 26(a)(2)(B). The same appears to follow for Dr. Kennedy's opinions regarding Plaintiff's prognosis and disabilities, as Dr. Kennedy opines as to Plaintiff's long-term needs briefly, with scant factual basis, and again relies on information outside of his own observation and treatment. Thus, Plaintiff's brief disclosure of Dr. Kennedy fails to set forth the subject matter and a summary of the facts and opinions to which the expert witness is expected to testify, much less the more stringent requirements of Rule 26(a)(2)(B).

Accordingly, the Court agrees that Plaintiff's disclosure of Dr. Kennedy lacks proper form.

**III. Appropriate sanction**

The Rule 26 disclosure requirements "are given teeth by the threat of sanctions in Rule 37." A court "has broad discretion to sanction a party for failure to comply with discovery orders." *United States v. Sims*, 776 F.3d 583, 585 (8th Cir. 2015). Where a party fails to disclose information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). However, "the exclusion of evidence is a harsh penalty and should be used sparingly." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

As shown above, the Court has already concluded that Plaintiff's disclosure of Dr. Kennedy as a non-retained expert witness was untimely and lacks proper form. However, contrary to Defendants' assertions, the Court finds that these failures were harmless. Here, Plaintiff disclosed Dr. Kennedy on December 15, 2022, only 15 days after the November 30, 2022 deadline to do so.

In contrast, Defendants waited until June 30, 2023, six and one-half months later, before filing their motion challenging this disclosure. At that point, the discovery deadline was August 1, 2023, which realistically left no time for this matter to be fully briefed and resolved before the close of discovery. Considering these circumstances, it is difficult to see how Defendants were either surprised or prejudiced by the December 15, 2022 disclosure of Dr. Kennedy as an expert witness, as Defendants themselves failed to take reasonably prompt steps to address their concerns.

And, contrary to Defendants' assertion, the Court does not find Plaintiff's disclosure of Dr. Kennedy 15 days after the deadline to be comparable to the Court's previous order striking untimely Daubert motions filed by Defendants. (Doc. 268.) Unlike the Daubert motions to which Defendants refer, any prejudice they might suffer from the untimely disclosure of Dr. Kennedy has been caused not by Plaintiff's 15-day tardiness, but rather by their own subsequent six- and one-half-month delay in raising this issue. Had Defendants raised this issue promptly, it could likely have been resolved with a telephone conference under Local Rule 37.1 in a manner that addressed Defendants' concerns while avoiding the harsh remedy of exclusion.

Therefore, upon review, the relief requested by Defendants in their Motion to Exclude Dr. Russell Kennedy is too harsh under the circumstances. However, in consideration of *Johnson*, decided on August 18, 2023, after Dr. Kennedy's disclosure, his opinions should be subject to the more stringent requirements of Rule 26(a)(2)(B). And as set forth by Plaintiff in his Suggestions in Opposition, the Court "has discretion under Rule 37 to impose any remedy it feels appropriate." (Doc. 259 at 13.)

Additionally, to the extent Defendants move for an order excluding any testimony from Plaintiff's "other treating physicians and medical professionals, regarding causation, prognosis, and future long-term disabilities," that request for relief will be denied as lacking specificity.

Based on the foregoing, the relief requested by Defendants in the Motion to Exclude Dr. Kennedy is **DENIED**. However, if Plaintiff wants to use Dr. Kennedy as an expert witness at trial, then on or before November 3, 2023, Plaintiff shall disclose a report written and signed by Dr. Kennedy in accordance with Rule 26(a)(2)(B). Furthermore, if Defendants then wish to depose Dr. Kennedy, the discovery period will be reopened for that limited purpose for a six-week period after the disclosure.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 4, 2023