# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| DANIEL W. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22-05007-CV-SW-DPR |
| | ) |
| ROGER L. GALLA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Exclude the Testimony of Kip Magruder and Memorandum in Support. (Docs. 185, 186.) Plaintiff moves for an order excluding the testimony of Defendant Loggins Logistics, Inc.'s accident reconstruction expert, Kip Magruder. Defendants Loggins Logistics, Inc. and Roger L. Galla filed Combined Suggestions in Opposition. (Doc. 206.) Plaintiff then filed a Reply in Support and Defendants were granted leave to file a Sur-Reply in Opposition. (Docs. 222, 267.) Upon review, the Motion to Exclude the Testimony of Kip Magruder will be **DENIED**.

### I. The Motion and the Suggestions in Opposition

In his Motion, Plaintiff argues that Mr. Magruder's testimony should be excluded on the grounds that it is unreliable. Under Federal Rule of Evidence 702, the trial court acts as a gatekeeper to determine whether expert testimony is sufficiently reliable to be considered by the trier of fact. Fed. R. Evid. 702 advisory committee's note (2000). In assessing reliability, the court should consider whether "[1] the testimony is based upon sufficient facts or data; [2] the testimony is the product of reliable principles and methods; and [3] the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Factors to consider when determining the reliability of principles and methods include: (1) whether it can be (and has been)

tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) in the case of a particular scientific technique, the known or potential rate of error; and (4) the method's general acceptance. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993). The proponent of testimony has the burden of establishing its admissibility by a preponderance of the evidence. *Id*. at 592 n.10. "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006). However, "(a)n expert's opinion should be excluded only if that opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Synergetics, Inc. v. Hurst,* 477 F.3d 949, 956 (8th Cir. 2007) (cleaned up).

Here, Plaintiff asserts that the methodology underlying Mr. Magruder's accident reconstruction opinions in his September 9, 2022 Report is not reliable because it does not consider the statements and deposition testimony of individuals directly involved in the accident. (Doc. 186 at 9.) Plaintiff further argues that the opinions "improperly rely on generic analyses" and the *Daubert* factors support exclusion. *Id*. at 11-12.

In their Suggestions in Opposition, Defendants contend that Plaintiff's arguments are conclusory and ignore the methodology used by Mr. Magruder. Defendants further assert that Plaintiff's criticisms have since been addressed in Mr. Magruder's May 30, 2023 Supplemental Report, which addresses the witness statements and deposition testimony to which Plaintiff refers.

Upon review, as set forth in Defendants' well-reasoned brief,[1] and contrary to Plaintiff's argument, the Court finds the analysis set forth by Mr. Magruder in his September 9, 2022 Report to be sufficiently reliable. Accordingly, as to the September 9, 2022 Report, the motion will be denied and Mr. Magruder's testimony will not be excluded.

---

[1] The Court has considered and agrees with the analysis set by Defendants in their Suggestions in Opposition, Doc. 206 at 4-11.

## II. The Reply in Support and the Sur-Reply in Opposition

In his Reply in Support, noting that Defendants provided a Supplemental Report authored by Mr. Magruder dated May 30, 2023, Plaintiff argues that the Supplemental Report is an "after-the-deadline attempt by Defendants to submit a new and improved report in response to the legitimate challenges made concerning the unreliable methodology originally used by Mr. Magruder in forming his opinions." (Doc. 222 at 8.) Thereafter, Defendants filed a Sur-Reply, asserting that the May 30, 2023 Supplemental Report remains within the scope of the original September 9, 2022 Report and does not offer any new opinions or rationales. Instead, according to Defendants, Mr. Magruder only addresses the deposition testimony and determines that none of the witness statements alter his opinions regarding the accident in the May 30, 2023 Supplemental Report.

Again, upon review, the Court agrees with the analysis set forth by Defendants in their Sur-Reply,[2] finding that the May 30, 2023 Supplemental Report is just that, a supplemental report, produced well within the discovery period and offering no new opinions. Although Mr. Magruder's methods set forth in his original Report were reliable, Defendants attempted to address Plaintiff's concerns by directing Mr. Magruder to take the additional step of considering the deposition testimony and explaining why it did not alter his ultimate opinions, a valid basis for a supplemental report. To the extent that Plaintiff disagrees, these arguments go not to the reliability of Mr. Magruder's opinions, but rather to their weight, and may be addressed at trial via cross-examination, not by the harsh remedy of exclusion.

## III. Conclusion

In conclusion, Mr. Magruder's opinions are in no way "so fundamentally unsupported that

---

[2] The Court has considered and agrees with the analysis set forth by Defendants in their Sur-Reply, Doc. 267 at 3-10.

it can offer no assistance to the jury." Therefore, based on the foregoing, the Motion to Exclude the Testimony of Kip Magruder is **DENIED**.

    **IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 31, 2023